CLD-168                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1693
_____

IN RE:  DAVID JAMES WARD,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-17-cv-04202)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 25, 2019
Before:  CHAGARES, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: June 4, 2019)
_____

OPINION[*]
_____

PER CURIAM

Petitioner David Ward seeks a writ of mandamus pursuant to 28 U.S.C. § 1651, to

compel the United States District Court for the District of New Jersey to file his motion

to reopen.

On June 08, 2017, petitioner, a federal prisoner proceeding pro se, filed a Privacy

Act Complaint against the Federal Probation Office ("FPO") alleging that the FPO failed

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

to respond to his Privacy Act Request and seeking, inter alia, to have the FPO correct and amend the pre-sentence investigation report that had been prepared for his sentencing back in 1996.  Ward was granted leave to proceed without prepayment of the applicable filing fees and, in an order entered on June 26, 2018, the District Court dismissed his complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Ward asserts that he thereafter mailed a motion to reopen the Privacy Act Complaint to the District Court on December 27, 2018, but that his motion has yet to be filed.  Instead, Ward asserts that he received a notice from the District Court indicating that his case is closed.  He claims that his constitutional right to access to the courts, as well as his rights to due process and equal protection, have been denied as a result of the District Court's failure to file his reopen motion.

In a petition filed in this Court on April 3, 2019, Ward requested that the District Court be compelled to file his reopen motion.  Ward complied with the filing requirements for that petition on April 12, 2019.  The petition is thus ripe for disposition.

A review of the District Court's electronic docket shows that Ward's motion to reopen was received and filed on the docket on January 2, 2019, less than a week after Ward mailed it.  Accordingly, insofar as Ward requests an order compelling the District Court to file his motion, we will dismiss the petition as moot.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

Even if we were to liberally construe Ward's petition as challenging the delay he has experienced in having his reopen motion disposed of, we would conclude that mandamus relief is not warranted. Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Although a District Court has discretion over the management of its docket, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982), a federal appellate court "may issue a writ of mandamus on the ground that [the District Court's] undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79. Little more than three months have lapsed since the motion has been submitted and filed on the docket. We do not find a delay of this length troubling in the instant case. We are confident that the District Court will rule on Ward's motion in due course and without undue delay.

Given the foregoing, the petition will be denied.